# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGINIA COLE, individually and on behalf of all others similarly situated, | : : : | Case No. 2:24-cv-01173 |
| Plaintiff, | : : : | **COMPLAINT – CLASS ACTION** |
| v. | : : : | **JURY DEMAND** |
| AFFLUENT ADS LLC dba LEADNOMICS and RAPID RESPONSE MARKETING, A NEVADA LIMITED LIABILITY COMPANY, | : : : : : | |
| Defendants. | : | |

Plaintiff Virginia Cole ("Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by Defendant Affluent Ads LLC dba Leadnomics ("Leadnomics"), who retained a third party, Defendant Rapid Response Marketing, a Nevada Limited Liability Company ("Rapid Response" and, together with Leadnomics, "Defendants"), to make telemarketing calls on Leadnomics' behalf. Defendants made telemarketing calls by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

2. The recipients of Defendants' illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Defendants makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

3.  Plaintiff Virginia Cole is an individual.

4.  Defendant Leadnomics is a limited liability company located in this District.

5.  Defendant Rapid Response is a Nevada limited liability company.

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.  This Court has personal jurisdiction over Leadnomics because the company's principal place of business is located in this District. This Court has personal jurisdiction over Rapid Response because it makes or authorizes calls into Pennsylvania and it contracted with Leadnomics to perform telemarketing services in this District.

8.  Venue is proper pursuant to 28 U.S.C. § 1391 because Leadnomics contracted with Rapid Response to perform telemarketing services in this District and Leadnomics' principal place of business is located in this District.

## TCPA BACKGROUND

The National Do Not Call Registry

9.  The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

2

11. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

## FACTUAL ALLEGATIONS

12. Defendants are "persons" as the term is defined by 47 U.S.C. § 153(39).

13. Plaintiff's telephone number, 615-XXX-8353, is Plaintiff's residential telephone line.

14. That number is used for residential purposes and is used for personal purposes.

15. That number is not associated with a business.

16. Plaintiff registered her number on the National Do Not Call Registry on April 5, 2023.

17. Despite this, Plaintiff received telemarketing calls from Rapid Response, or a call center on its behalf, working with Leadnomics, including on at least May 9 and May 10 (twice), 2023.

18. Indicative of the *en masse* calling, Rapid Response used spoofed local Caller ID numbers.

19. This included numbers other individuals have reported as spam on a robocall-blocking app. *See* ROBOKILLER, https://lookup.robokiller.com/search?q=615-486-6872; https://lookup.robokiller.com/search?q=615-551-4092 (last visited Mar. 5, 2023).

20. All of the calls followed the same scripted sales pitch.

21. The telemarketer informed Plaintiff that they were calling to offer burial insurance.

3

22. On both the call on May 9 and the first call on May 10, Plaintiff informed the caller that she was not interested.

23. However, the calls kept being made.

24. Plaintiff answered the last telemarketing call that was sent to her.

25. This telemarketing call began like the others made by Rapid Response's telemarketer.

26. The telemarketer from Rapid Response informed Plaintiff that they were calling to offer burial insurance.

27. During this call, Plaintiff answered more questions, including her zip code.

28. Plaintiff was then transferred during the call to Anthony Talbert, who was identified as an employee for the client that Leadnomics was directed to send calls to as part of their lead generation business.

29. Mr. Talbert then continued to offer burial insurance that was being sold by Leadnomics.

30. The calls were not necessitated by an emergency.

31. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephones that occupied them from receiving legitimate communications.

**LEADNOMICS' LIABILITY FOR RAPID RESPONSE'S CALLING**

32. For more than twenty years, the Federal Communication Commission ("FCC") has explained that its "rules generally establish that the party on whose behalf a solicitation is

4

made bears ultimate responsibility for any violations." *In re Rules and Reguls. Implementing the Tel. Consumer Prot. Act*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

33. In 2008, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations.

34. The FCC has instructed that sellers such as Leadnomics may not avoid liability by outsourcing telemarketing to third parties, such as Rapid Response:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment, limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "sellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re DISH Network, LLC*, 28 FCC Rcd. 6574, 6588 ¶ 37 (2013) ("May 2013 FCC Ruling") (footnotes and alteration marks omitted).

35. In 2013, the FCC held that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *Id.* at 6574 ¶ 1.

36. Leadnomics is liable for telemarketing calls placed by Rapid Response to generate customers for Leadnomics, including Plaintiff.

37. Leadnomics was interested in hiring a lead generator that could have contact with potential customers and only sell them the interested ones.

38. To do so, it hired Rapid Response.

39. Leadnomics controlled the day-to-day activities by providing the specific criteria for the leads it would accept.

40. As such, Leadnomics controlled the content of Rapid Response's telemarketing.

41. As such, it knowingly ratified Rapid Response's conduct.

42. Leadnomics also ratified Rapid Response's conduct because, with the ability to know that the number they called was on the National Do Not Call Registry, Leadnomics accepted Plaintiff's lead.

43. Leadnomics accepted Plaintiff's lead and then utilized it for a benefit by getting paid on the lead that was sent.

44. The May 2013 FCC Ruling holds that called parties may obtain "evidence of these kinds of relationships … through discovery, if they are not independently privy to such information." *In re DISH Network*, 28 FCC Rcd. at 6592-93 ¶ 46. Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 ¶ 46.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on

6

behalf of Defendants (3) within a 12-month period (4) from the four years prior to the filing of the Complaint through the date of trial.

46. Defendants and their employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

47. Plaintiff brings all claims in this action individually and on behalf of all Class members against Defendants.

**Numerosity**

48. Members of the Class are so numerous that their individual joinder is impracticable.

49. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, members of the Class number in the thousands.

50. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

51. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

**Commonality**

52. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.

53. Common legal and factual questions include, but are not limited to, whether Defendants have violated the TCPA and whether Class members are entitled to actual and/or statutory damages for the aforementioned violations.

7

### Typicality

54. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class members, received unsolicited telephonic sales calls from Defendants without giving them her consent to receive such calls.

### Adequacy of Representation

55. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

56. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority

57. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.

58. Many of the Class members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendants' liability.

59. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

60. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

8

61. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.

62. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227
### On Behalf of Plaintiff and the Telephone Consumer Protection Act
### Do Not Call Registry Class

63. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 62 as if fully set forth herein.

64. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

65. Defendants' violations were negligent, willful, or knowing.

66. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

67. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

9

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the Complaint so triable.

10

Dated: March 19, 2024                          Respectfully submitted,

                                                         **/s/ Joseph F. Murray**
                                                        Joseph F. Murray (327025)
                                                        Brian K. Murphy (*pro hac vice* to be filed)
                                                        Jonathan P. Misny (*pro hac vice* to be filed)
                                                        Murray Murphy Moul + Basil LLP
                                                        1114 Dublin Road
                                                        Columbus, OH 43215
                                                        Telephone: 614.488.0400
                                                        Facsimile: 614.488.0401
                                                        E-mail: murray@mmmb.com
                                                                       murphy@mmmb.com
                                                                       misny@mmmb.com

                                                        Anthony I. Paronich (*pro hac vice* to be filed)
                                                        Paronich Law, P.C.
                                                        350 Lincoln Street, Suite 2400
                                                        Hingham, MA 02043
                                                        (508) 221-1510
                                                        anthony@paronichlaw.com

                                                        *Counsel for Plaintiff*

11

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
VIRGINIA COLE, individually and on behalf of all others similarly situated

### DEFENDANTS
AFFLUENT ADS LLC dba LEADNOMICS and RAPID RESPONSE MARKETING, A NEVADA LTD. LIAB. CO.

**(b)** County of Residence of First Listed Plaintiff: Trousdale County, TN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph F. Murray, Murray Murphy Moul + Basil LLP, 1114 Dublin Road, Columbus, OH 43215, 614.488.0400

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [x] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
|  |  | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | [ ] 462 Naturalization Application |  |  |
|  | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
Claims for violations of the TCPA

### VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** at least $500/violation
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Mar 19, 2024
SIGNATURE OF ATTORNEY OF RECORD: /s/ Joseph F. Murray

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 115 Parkhurst St., P.O. Box 325, Hartsville, TN 37074

Address of Defendant: Affluent Ads: 3675 Market St., Ste. 900, Philadelphia, PA 19104; Rapid Response Marketing: 7500 W. Lake Mead Blvd., Ste. 9-463, Las Vegas, NV 89128

Place of Accident, Incident or Transaction: Philadelphia, PA

---

*RELATED CASE IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes [ ]  No [X]
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: March 19, 2024     /s/ Joseph F. Murray     327025
    *Attorney-at-Law (Must sign above)*     *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts)
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [ ] Employment
9. [ ] Labor-Management Relations
10. [ ] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [X] All Other Federal Question Cases. *(Please specify)*: Telephone Consumer Protection Act

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury (*Please specify*): _____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Joseph F. Murray, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: March 19, 2024     /s/ Joseph F. Murray     327025
    *Attorney-at-Law (Sign here if applicable)*     *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.