Andrew W. Muir, Esq.
Muir Law Offices
560 Van Reed Road, Suite 307
Wyomissing, PA 19610
attorneymuir@outlook.com

*Attorney for Defendant C/T
Install America, LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA COLE, *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> C/T INSTALL AMERICA, LLC <br><br> Defendant. | Case No.: 5:25-cv-03531-CH <br><br> Hon. Catherine Henry, U.S.D.J. |

**DEFENDANT C/T INSTALL AMERICA, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................2

ARGUMENT ........................................................................................................................2

I.      Plaintiff's Legal Arguments and Authorities Are Unpersuasive and/or Incorrect. .............2

      A.      The arbitrary and capricious standard does not apply to this dispute. .....................2

      B.      Congress did not extend Section 227(c)'s protections to text messages. ................3

      C.      The TCPA was not written to apply to cellular phones or text messages................4

II.     The Court Should Disregard Plaintiff's Declaration Because it is Procedurally Improper...................................................................................................................7

III.    Plaintiff's Claim for Treble Damages Remains Defective. .................................................8

IV.    Plaintiff Concedes That Any Dismissal Should Be With Prejudice. ..................................8

CONCLUSION......................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dillard v. Cornick*,
  No. 1:18-cv-70, 2018 WL 4679952 (M.D. Pa. Sept. 28, 2018)..................................................5

*Food & Drug Admin. v. Wages & White Lion Invs., L.L.C.*,
  604 U.S. 542 (2025)...................................................................................................................2

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007).......................................................................................................5

*Hausknecht v. John Hancock Life Ins. Co. of N.Y.*,
  334 F. Supp. 3d 665 (E.D. Pa. 2018) .........................................................................................6

*Jones v. Blackstone Med. Servs. LLC*,
  No. 1:24-cv-01074, 2025 WL 2042764 (C.D. Ill. July 21, 2025) ..............................................3

*Justman v. Accenture LLP*,
  No. 2:24-cv-4107, 2024 WL 4631646 (E.D. Pa. Oct. 30, 2024) ................................................5

*Kissell v. Pennsylvania Off. of Budget Legal Off.*,
  No. 2:22-cv-01715, 2023 WL 11967983 (W.D. Pa. Oct. 3, 2023).............................................5

*Marks v. Unique Lifestyle Vacations, LLC*,
  No. 2:20-cv-04915, 2021 WL 5495778 (E.D. Pa. Nov. 22, 2021) .........................................4, 5

*McLaughlin Chiropractic Assocs. v. McKesson Corp.*,
  145 S. Ct. 2006 (2025)............................................................................................................1, 2

*Mirarchi v. Penn. State Police*,
  No. 2:18-cv-286, 2018 WL 3861868 (E.D. Pa. Aug. 13, 2018).................................................7

*In re Rite Aid Corp. Sec. Litig.*,
  No. 2:22-cv-04201, 2025 WL 968306 (E.D. Pa. Mar. 31, 2025) ...........................................6, 7

*Shelton v. Pro Source Lending Grp. LLC*,
  No. 2:24-cv-4394, 2025 WL 817485 (E.D. Pa. Mar. 14, 2025).................................................5

*In re Yellow Corp.*,
  No. 25-1421, 2025 WL 2647752 (3d Cir. Sept. 16, 2025).........................................................2

Defendant C/T Install America, LLC ("Install America" or "Defendant"), by and through its undersigned counsel, respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss Plaintiff's Complaint (the "Motion" or "Mot.") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Plaintiff Virginia Cole's ("Plaintiff") long-winded Opposition (the "Opposition" or "Opp.") to Defendant's Motion alleges that Defendant "makes a big ask of this court" by requesting that it, respectfully, not blindly follow a federal agency's strained interpretation of what Congress intended the TCPA to govern. Yet all Defendant asks is that this Court correct a palpable wrong that has plagued companies across this country for decades and allowed plaintiff-side law firms to turn insincere, and at times fraudulent, TCPA allegations into a cottage industry. The Supreme Court's decision in *McLaughlin* has freed district courts from the shackles of radical adherence to agency determinations. The notion that the TCPA applies to technologies not in existence at the time it was enacted was a mistake when the FCC made that determination and it is a mistake that is in long need of correction. This Court, guided by the Supreme Court's direction, now has the ability to contest the determinations made by the FCC when, after conducting its own analysis, it finds it wanting. Other courts have begun to push back against this mistaken interpretation of the TCPA. We simply ask that this Court be the next.

Plaintiff's Opposition is difficult at times to parse through, but, in essence, it asks this Court to expand the scope of the Telephone Consumer Protection Act's ("TCPA") Do-Not-Call ("DNC") provision beyond both what Congress intended and what a common-sense reading requires. Plaintiff's Opposition makes four (4) main arguments, each of which fails to redeem the Complaint's fatal flaws: (1) Section 227(c) protects cellular telephone subscribers; (2) text

1

messages are "calls" under the TCPA; (3) Plaintiff plausibly alleged she is a residential telephone subscriber; and (4) her claim for treble damages is plausible.

Defendant submits this reply to address the myriad deficiencies in Plaintiff's Opposition. *First*, Plaintiff makes incorrect and/or nonsensical arguments regarding the legal claims at issue. *Second*, Plaintiff improperly attempts to amend her Complaint by submitting a declaration in conjunction with her Opposition, which unambiguously runs afoul of Third Circuit precedent. *Third*, Plaintiff improperly attempts to add additional facts regarding her claim for treble damages, which are noticeably absent from her initial pleading. *Finally*, Plaintiff does not seek leave to amend her Complaint and thus concedes that dismissal should be with prejudice. Accordingly, this Court should dismiss the Complaint with prejudice.

## ARGUMENT

### I.  Plaintiff's Legal Arguments and Authorities Are Unpersuasive and/or Incorrect.

Plaintiff's various non sequitur legal arguments boil down to three unpersuasive points: (1) the standard of review contained in *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146 (2025) does not apply, and this Court should instead apply the Administrative Procedure Act's ("APA") arbitrary and capricious standard; (2) Congress extended the TCPA's protections to text messages in a 2019 amendment; and (3) the TCPA was written broadly at the time it was enacted, such that it encompasses cellular telephone users and text messages. Each of these arguments is inapposite, misleading, and/or plainly wrong.

#### A.  The arbitrary and capricious standard does not apply to this dispute.

Plaintiff argues that this Court should review the FCC's prior orders regarding interpretation of the TCPA's guiding provisions under the APA's arbitrary and capricious standard. (Opp. at 18-23.) This is not so. Courts apply the arbitrary and capricious standard when reviewing an agency's action to determine if it is unlawful or should be set aside. *Food & Drug*

2

*Admin. v. Wages & White Lion Invs., L.L.C.*, 604 U.S. 542, 567 (2025). An example of an agency action which may require such review is a regulation regarding the calculation of withdrawal liability for pension plans. *In re Yellow Corp.*, No. 25-1421, 2025 WL 2647752, at *1, *6 (3d Cir. Sept. 16, 2025). While the arbitrary and capricious standard does entail judicial deference to the agency, it only applies when a court is reviewing an agency action of this nature. *See id.* at *6.

Here, the correct standard of review is set forth in the Supreme Court's *McLaughlin* decision. Under *McLaughlin*, "[d]istrict courts are not bound by the agency's *interpretation*, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." 606 U.S. at 155-56 (emphasis added). Defendant asks the Court to do an independent analysis of the FCC's *interpretation* of the TCPA—not to set aside an agency action or deem it unlawful. (Mot. at 12.) This request does not trigger the arbitrary and capricious standard whatsoever.

In the alternative, Plaintiff argues that under *McLaughlin*, the Court must give the FCC's 2003 guidance "appropriate respect." (Opp. at 21.) Conveniently, Plaintiff deems "appropriate respect" in this case as accepting the FCC's interpretations in full. (*Id.*) But this Court need not accept any FCC interpretation. Instead, it should independently determine that the FCC's 2003 guidance is inapplicable because it "explicitly references only Section 227(b)" of the TCPA, and not 227(c). *See Jones v. Blackstone Med. Servs. LLC*, No. 1:24-cv-01074, 2025 WL 2042764, at *4-5 (C.D. Ill. July 21, 2025).

**B.    Congress did not extend Section 227(c)'s protections to text messages.**

Plaintiff argues that Congress made clear that the TCPA applies to text messages in its 2019 amendment (the "TRACED Act"). (Opp. at 10.) Plaintiff further argues that Congress has "ratified [this concept] with positive legislation." (*Id.*) Yet, in the TRACED Act, Congress only instructed the FCC to regulate text messages sent in violation of Section 227(b), not Section 227(c).

3

(*See* PL 116-105, 116th Cong. (2019).)  Congress did not, in fact, extend the DNC provision of the TCPA to text messages, despite having the clear opportunity to do so.

Plaintiff herself recognizes this.  She states that when Congress passed the TRACED Act, "it aware that the FCC and every court had interpreted the statute to cover text messages[.]"  (Opp. at 11.)  Assuming arguendo this is true, Congress had this knowledge and *still* chose not to explicitly deem Section 227(c) as applying to text messages.  And Plaintiff correctly concedes that Section 227(c) does not include the words "text messages" or "SMS messages."  (Opp. at 12.)  This omission was not unintentional, and contrary to Plaintiff's view, is not ambiguous.  (*See id*.)  If Congress wanted Section 227(c) to apply to text messages, it would have clearly done so via amendment.  For these reasons and those set forth in Defendant's Motion, the Court should find that Section 227(c) of the TCPA does not apply to text messages and dismiss Plaintiff's claim with prejudice.[1]

**C.     The TCPA was not written to apply to cellular phones or text messages.**

Plaintiff's argument related to the statutory interpretation of the TCPA is both nonsensical and contradictory.  Plaintiff concedes that a statute should be "given its ordinary meaning in the relevant context at the time Congress enacted the statute" (Opp. at 3-4) (citation omitted).  Yet, Plaintiff later argues that a statute should not be analyzed by its plain text; rather, the present meaning of the TCPA's language controls.  (*Id.* at 12.) ("It is the meaning of those terms that governs, not the specific facts or technology that Congress would have had in mind in 1991.")

---

[1] Plaintiff makes an extensive argument related to whether she has a private right of action under the TCPA—something not raised in Defendant's Motion.  Defendant maintains that Section 227(c)(5) provides a private right of action for any "person who has received more than one telephone call within any 12-month period…"  Here, Defendant has not received *any* "telephone calls" as the term is defined by the TCPA and there *she* is not entitled rely on the TCPA's private right of action.

4

Contrary to common sense, Plaintiff cannot superimpose concepts that did not even exist thirty-four years ago when this statute was enacted to support her allegations.

Plaintiff takes another unserious position regarding the TCPA's applicability to cellular telephone subscribers. First, Plaintiff argues that any negative inference drawn from Section 227(b)'s explicit regulations on cellular telephones is undermined because the provision is "markedly different [in] scope and structure" compared to Section 227(c). (Opp. at 5.) (citation omitted). Yet later, Plaintiff argues that Congress's 2019 revisions to Section 227(b) should be deemed to extend to Section 227(c). (Opp. at 10.) Plaintiff cannot have it both ways. The most straightforward interpretation of the TCPA and its subsequent amendment underscores Defendant's position: Section 227(c) neither applies to text messages nor cellular telephone subscribers, as made clear by the plain text of the statute and Congress's failure to include such provisions in its 2019 amendment.

Plaintiff relies on this double standard in her attempt to distinguish *Moore v. Triumph CSR Acquisition, LLC*, No. 1:23-cv-04659, 2023 WL 8601528 (N.D. Ill. Dec. 12, 2023). While the issue in *Moore* involved Section 227(b), the court's finding clearly applies here: "[a] cellular phone and a residential phone are not the same thing." *Id.* at *2. The *Moore* court is not alone, and Plaintiff does not even attempt to attack the persuasive decisions Defendant put forth in its Motion. *See Perrong v. Victory Phones LLC*, No. 20-cv-5317, 2021 WL 3007258, at *3 (E.D. Pa. July 15, 2021) (finding that Congress intended to distinguish between residential and cellular phones); *Cunningham v. Politi*, No. 18-cv-00362, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26, 2019) (collecting cases and finding that plaintiff's use of a cellular phone does not transform him into a residential telephone subscriber); *Cunningham v. Caribbean Cruise Lines, Inc.*, No. 15-cv-62580, 2016 WL 7494871, at *2 (S.D. Fla. Dec. 29, 2016) (same); *Cunningham v. Sunshine Consulting*

*Grp., LLC*, No. 16-cv-02921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018) (same); *Morgan v. U.S. Xpress, Inc.*, No. 17-cv-00085, 2018 WL 3580775, at *2 (W.D. Va. July 25, 2018) ("Congress used different language to discuss cell phones and residential lines, further demonstrating that they are not interchangeable"); *Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006) (finding Congress knew of the distinction between cellular and residential phones, yet did not include protections for cellular phones in Section 227(c)).

Plaintiff points to virtually no in-Circuit authority deeming Section 227(c) applies to cell phones. (*See* Opp. at 2-7.) The two Eastern District of Pennsylvania cases that Plaintiff identifies do not support her position. *Marks v. Unique Lifestyle Vacations, LLC*, was a decision made on default judgment that decides, but does not analyze, that the TCPA applies to cell phones. No. 2:20-cv-04915, 2021 WL 5495778, at *3 (E.D. Pa. Nov. 22, 2021). Given that this decision was on a motion for default judgment, Plaintiff's contention went unchallenged. *See id.* And in *Shelton v. Pro Source Lending Grp. LLC*, the court assumes, but does not analyze, that the plaintiff was a residential telephone subscriber despite using a cellular phone. No. 2:24-cv-4394, 2025 WL 817485, at *3 (E.D. Pa. Mar. 14, 2025).

Additionally, Plaintiff fails to argue that text messages yield different privacy concerns than phone calls, a principle discussed at length by the District of New Jersey when it explained that text messages "could not have caused Plaintiff the annoyance Congress intended to prevent" when it passed the TCPA. *Zemel v. CSC Holdings LLC*, No. 16-cv-4064, 2017 WL 1503995, at *5 (D.N.J. Apr. 26, 2017). Two courts have, post-*McLaughlin*, expanded on this principle, and determined that the TCPA does not afford protections for text messages. *Jones v. Blackstone Med. Servs. LLC*, 2025 WL 2042764, at *5; *Davis v. CVS Pharmacy, Inc.*, No 24-cv-477, 2025 WL

6

2491195, at *1 (N.D. Fla. Aug. 26, 2025). These courts correctly determined that based on the TCPA's language and Congress's clear intent, a text message is not a telephone call.

Unlike Plaintiff, who asks the Court to re-write part of the TCPA that Congress has left unaltered, Defendant asks only that the Court make a commonsense, plain-text reading of the statute. Under this approach, Plaintiff's claims fail as a matter of law.

## II. The Court Should Disregard Plaintiff's Declaration Because it is Procedurally Improper.

It is well established in the Third Circuit that a plaintiff cannot amend a complaint by adding facts through motion to dismiss briefing. *E.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007); *Justman v. Accenture LLP*, No. 2:24-cv-4107, 2024 WL 4631646, n. 45 (E.D. Pa. Oct. 30, 2024); *Dillard v. Cornick*, No. 1:18-cv-70, 2018 WL 4679952, n. 5 (M.D. Pa. Sept. 28, 2018); *Kissell v. Pennsylvania Off. of Budget Legal Off.*, No. 2:22-cv-01715, 2023 WL 11967983, n.1 (W.D. Pa. Oct. 3, 2023), *report and recommendation adopted*, 2023 WL 11967981 (W.D. Pa. Oct. 18, 2023) (finding that new facts included in a motion to dismiss opposition brief should not be considered). Indeed, this principle is "axiomatic." *Frederico*, 507 F.3d at 202 (citation omitted). Nevertheless, Plaintiff attached to her Opposition a Declaration ("Cole Decl."), which introduces various new facts related to her use of a telephone number "ending in 7615."[2] (Cole Decl. ¶ 4.) But Plaintiff cannot amend her Complaint through this Declaration, as it is procedurally improper and clearly violates established Third Circuit precedent. She cites no authority to the contrary, and her wrongfully submitted facts do not, in fact, defeat Defendant's Motion. Thus, the Court should disregard the Cole Declaration and ignore the facts contained therein.

---

[2] There are noteworthy discrepancies between the Cole Decl. and Plaintiff's Complaint. For example, the Cole Decl. states that her telephone number ends in 7615, yet the Complaint only brings allegations on a telephone number (615) XXX-XXXX and did not provide the last four digits.

7

**III.     Plaintiff's Claim for Treble Damages Remains Defective.**

In her Opposition, Plaintiff ignores the clear Third Circuit authority that requires non-conclusory allegations to meet the willful or knowing requirement for treble damages. (*See* Mot. at 15-16.) Instead, she again seeks to add facts through her Opposition, and for the first time alleges that Defendant "deliberately" sent the subject texts. (Opp. at 25.) As set forth above, new facts cannot be added in motion to dismiss briefing and should be ignored. *See, e.g.*, *Frederico*, 507 F.3d at 202; *Justman*, 2024 WL 4631646, n. 45; *Dillard*, 2018 WL 4679952, n. 5; *Kissell*, 2023 WL 11967983, n.1. Additionally, Plaintiff argues that a dispute regarding Defendant's intent is a fact question for discovery, and not a pleading defect. (*Id.*) Plaintiff cites no supporting authority for this proposition. (*See id.*) Like any other element, Plaintiff must plead plausible facts to support her claim that Defendant willfully or knowingly violated the TCPA. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (a plaintiff must allege plausible facts necessary to make out each element of a claim). She failed to do so, and therefore, her claim for treble damages fails as a matter of law.

**IV.     Plaintiff Concedes That Any Dismissal Should Be With Prejudice.**

In its Motion, Install America asked the Court to dismiss Plaintiff's Complaint with prejudice. In Plaintiff's Opposition, she neither argues that any dismissal be without prejudice, nor does she seek leave to amend her Complaint. Plaintiff's failure to respond to Defendant's request amounts to a concession that any dismissal should be with prejudice. *See, e.g.*, *Hausknecht v. John Hancock Life Ins. Co. of N.Y.*, 334 F. Supp. 3d 665, 683 (E.D. Pa. 2018) (failure to respond to an argument amounts to a concession); *In re Rite Aid Corp. Sec. Litig.*, No. 2:22-cv-04201, 2025 WL 968306, n. 5 (E.D. Pa. Mar. 31, 2025) (same); *Mirarchi v. Penn. State Police*, No. 2:18-cv-286, 2018 WL 3861868, at *4 (E.D. Pa. Aug. 13, 2018) (same).

## **CONCLUSION**

      For the reasons set forth above, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

                                                      Andrew W. Muir, Esq.
                                                      Muir Law Offices
                                                      560 Van Reed Road, Suite 307
                                                      Wyomissing, PA 19610
                                                      attorneymuir@outlook.com

                                                      *Attorney for Defendant C/T Install America, LLC*