Andrew W. Muir, Esq.
Muir Law Offices
560 Van Reed Road, Suite 307
Wyomissing, PA 19610
attorneymuir@outlook.com
*Attorneys for Defendant C/T Install America, LLC*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA COLE, *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> C/T INSTALL AMERICA, LLC <br><br> Defendant. | Case No.: 5:25-cv-03531-CH <br><br> Hon. Catherine Henry, U.S.D.J. |

### DEFENDANT C/T INSTALL AMERICA, LLC'S
### NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant C/T Install America, LLC respectfully submits this Notice of Supplemental Authority to bring to the Court's attention the recent decision in *Dilanyan v. Hugo Boss Fashions, Inc.*, No. 2:25-cv-05093-JLS-BFM, 2025 WL 3549868 (C.D. Cal. Dec. 3, 2025), which directly addressed arguments raised in Defendant's motion to dismiss. A true and accurate copy of that decision is attached as **Exhibit 1.**

The court in *Dilanyan* made clear that it "reads the ordinary meaning of 'telephone call' to exclude 'text message.'" 2025 WL 3549868, at *2. The court's rationale for that was the same as the court's in *Jones v. Blackstone Med. Servs., LLC*, 2025 WL 2042764, at *4 (C.D. Ill. July 21, 2025) – "[w]hen the TCPA was enacted in 1991, text messaging did not exist, so the plain meaning of 'telephone call' at the time could not possibly include a text message." *Id.* Going further, the

1

court noted that "to the ordinary person today" it is clear that "telephone calls and text messages are two distinct forms of communication" and that "[s]ubsequent amendments to the TCPA support the Court's plaining meaning analysis." *Id.*

This Court should subsume the analysis laid out in *Dilanyan*. The only reason why the court in *Dilanyan* did not permit dismissal of the complaint was because it was bound by a prior 9th Circuit decision, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009), which broadly held that "a text message is a 'call' *within the meaning of the TCPA*[.]" (emphasis added). The court in *Dilanyan* sua sponte granted interlocutory appeal so the Ninth Circuit could "reconsider" its "analysis of the binding effect of *Satterfield* in light of *Loper Bright*." 2025 WL 3549868, at *4. This court is not bound by *Satterfield* and should use the rationale outlined in this case to dismiss Plaintiff's complaint.

/s/ Andrew W. Muir
Andrew W. Muir, Esq.
Muir Law Offices
560 Van Reed Road, Suite 307
Wyomissing, PA 19610
attorneymuir@outlook.com
*Attorney for Defendant*
*C/T Install America, LLC*

January 20, 2026

4924-4402-7245v.5

## CERTIFICATE OF SERVICE

I certify that on November 21, 2025, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

                                                By:    /s/ Andrew W. Muir
                                                               Andrew W. Muir, Esquire

4924-4402-7245v.5