Steven W Schlesinger (PA Attorney ID 332869)
James B. Saylor (*pro hac vice* pending)
Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
sschlesinger@kelleydrye.com
jsaylor@kelleydrye.com
Tel: (212) 808-7800
Fax: (212) 808-7897

*Attorneys for Defendant C/T*
*Install America, LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA COLE, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>C/T INSTALL AMERICA, LLC<br><br>Defendant. | Case No.: 5:25-cv-03531-CH<br><br>Hon.  Catherine Henry, U.S.D.J. |

## DEFENDANT C/T INSTALL AMERICA, LLC'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant C/T Install America, LLC respectfully submits this Notice of Supplemental Authority to bring to the Court's attention the recent decision in *Radvansky et al. v. 1-800-Flowers.com, Inc.*, No. 1:25-cv-02811-TWT, 2026 WL 456919 (N.D. Georgia Feb. 17, 2026), which directly addressed arguments raised in Defendant's motion to dismiss. (ECF No. 11.) A true and accurate copy of that decision is attached as **Exhibit 1.**

The court in *Radvansky* acknowledged that "prior to *Loper Bright*, it was settled law that telephone calls included text messages based on a 2003 FCC order to that effect." *Id.* at *3 (internal

citation omitted).   However, the Supreme Court's holdings in *Loper Bright* and *McLaughlin* created a "sea change in the legal landscape [which] has left district courts to decide, with fresh eyes, whether § 227(c)(5)'s reference to 'telephone call[s]' also encompasses text messages." *Id.* With those "fresh eyes" the court found that "[t]he statutory text here is clear that only telephone calls are actionable under § 227(c)(5), not text messages." *Id.*  The court based its' holding, in part, on the fact that "Congress has amended the TCPA as recently as 2019 to add the phrase 'text message' in a neighboring provision, § 227(e)(8)(c), and chose to leave § 227(c)(5) unamended." This evinced clear congressional intent to not include text messages within the scope of § 227(c)(5) and lead "the Court to presume that Congress intended §227(c)(5) to encompass only telephone calls[.]" *Id.*

The *Radvansky* court was also "not persuaded by the several district court decisions" which found that "§ 227(c)(5) does include text messages because the reasoning underlying these decisions is inherently flawed." *Id.* at *4.  Specifically, the court found that:

> [I]n *Alvarez v. Fiesta Nissan, Inc.*, 2026 WL 202930 (S.D. Tex. Jan. 26, 2026), the district court acknowledged that "no ordinary person would use the word 'telephone call' to refer to a text message" before concluding that "a usage which seems obvious now is not always a reflection of the original meaning of the statute," even though text messages did not yet exist when the statute was originally enacted. *Alvarez*, 2026 WL 202930, at *4. In *Wilson v. MEDVIDI Inc.*, 2025 WL 2856295, (N.D. Cal. Oct. 7, 2025), the district court reached beyond the statute's plain text to find support for its conclusion in a 2024 edition of Black's Law dictionary, which defies both the first rule of statutory interpretation and *Loper Bright*'s instruction that a statute's meaning is fixed at the time of enactment. *Wilson*, 2025 WL 2856295, at *2; *Young*, 980 F.3d at 818-19; *Loper Bright Enters.*, 603 U.S. at 400. And in *Mujahid v. Newity, LLC*, 2025 WL 3140725 (N.D. Ill. Nov. 10, 2025), the district court's conclusion that "interpreting § 227(c) to include text messages is consistent with the text of § 227 as a whole" ignores the meaningful-variation canon—the idea that Congress must have intended distinct words in a statute to have different meanings. *Mujahid*, 2025 WL 3140725, at *2; *Sunshine State Reg'l Ctr., Inc.*, 143 F.4th at 1344. *Wilson v. Better Mortgage Corp.*, 2025 WL 3493815 (S.D.NY Dec. 5, 2025) applied similarly faulty reasoning.

2

The *Radvansky* court ultimately concluded that plaintiff's claim failed "as a matter of law" because "the phrase 'telephone call' in 47 U.S.C. § 227(c)(5) does not encompass text messages." *Id.* at *5. We urge this Court to do the same.

Respectfully submitted,

Dated: March 17, 2026
New York, New York

/s/ Steven W Schlesinger
Steven W Schlesinger (PA Attorney ID 332869)
James B. Saylor (*pro hac vice* pending)
Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
sschlesinger@kelleydrye.com
jsaylor@kelleydrye.com
Tel: (212) 808-7800
Fax: (212) 808-7897

*Attorneys for Defendant C/T*
*Install America, LLC*

3