**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

```
----------------------------------------------------------------x
VIRGINIA COLE on behalf of herself and others    :
similarly situated,                               :
                                                  :      Case No. 5:25-cv-03531-CH
                          Plaintiff,              :
                                                  :
                                                  :      ANSWER OF DEFENDANT
C/T INSTALL AMERICA, LLC                          :      C/T INSTALL AMERICA, LLC
                                                  :
                                                  :
                          Defendant.              :
----------------------------------------------------------------x
```

Defendant C/T Install America, LLC ("Defendant"), by and through its undersigned

attorneys, Kelley Drye & Warren LLP, as and for its Answer to the Complaint, hereby state as

follows:

### Nature of this Action

1.      Paragraph 1 asserts legal conclusions and argument to which no response is

required.  To the extent a response is required, Defendant admits that Plaintiff Virginia Cole

("Plaintiff") has brought a putative class action under the Telephone Consumer Protect Act, 47

U.S.C. § 227 ("TCPA").

2.      Paragraph 2 asserts legal conclusions and argument to which no response is

required.  To the extent a response is required, Defendant denies those allegations.

### Jurisdiction and Venue

3.      Paragraph 3 asserts legal conclusions and argument to which no response is

required.  To the extent a response is required, Defendant denies those allegations.

4.      Paragraph 4 asserts legal conclusions and argument to which no response is

required.  To the extent a response is required, Defendant denies those allegations.

5.      Paragraph 5 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies those allegations.

### Parties

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Defendant admits that it is a limited liability company with its principal place of business in Mohnton, Berks County, Pennsylvania.

### Factual Allegations

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.      Defendant admits that it sent two text messages to Plaintiff's phone number with prior express invitation or permission to place such texts, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint.

13.      Defendant admits that it sent two text messages to Plaintiff's phone number with prior express invitation or permission to place such texts, one on September 23, 2024 and one on October 10, 2024.

14. The allegations in paragraph 14 refer to a document, and Defendant respectfully refers the Court to that document for the complete and accurate content and context. Defendant denies the allegations contained in paragraph 14 of the Complaint to the extent they deviate from those text messages.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits that it sent text messages to Plaintiff in response to an inquiry regarding its products or services, and denies the characterization of those text messages in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Paragraph 19 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations in paragraph 19.

20. Paragraph 20 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations in paragraph 20.

### Class Action Allegations

21. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Defendant denies the factual allegations contained in paragraph 21 of the Complaint.

22. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Defendant denies the factual allegations contained in paragraph 22 of the Complaint.

23. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 23 asserts legal conclusions and argument to

which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 23.

24. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 24 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 24.

25. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 25 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 25.

26. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 26 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 26.

27. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 27 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 27.

28. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 28 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 28.

29.     Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.  Paragraph 29 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 29.

30.     Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.  Paragraph 30 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 30.

31.     Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.  Paragraph 31 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 31.

32.     Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.  Paragraph 32 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 32.

33.     Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.  Paragraph 33 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 33.

34.     Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.  Paragraph 34 asserts legal conclusions and argument to

which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 34.

35. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 35 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 36 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 37 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 38 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 38.

39. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 39 asserts legal conclusions and argument to

which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 39.

40. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 40 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 40.

41. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 41 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 41.

42. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 42 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 42.

43. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 43 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 43.

44. Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate. Paragraph 44 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations set forth in paragraph 44.

45.     Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.  Paragraph 45 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 45.

46.     Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.  Paragraph 46 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 46.

47.     Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.  Paragraph 47 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 47.

48.     Defendant denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.  Paragraph 48 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 48.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**

49.     Defendant incorporates by reference its answer to Paragraphs 1 through 48 above as though set forth fully herein.

50.     Paragraph 50 refers to the contents of a Federal Communications Commission order, and Defendant respectfully refers the Court to that order for the complete and accurate content and context.  Defendant denies the allegations contained in paragraph 50 of the Complaint to the extent they deviate from the referenced order.

51.     Paragraph 51 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 51.

52.     Paragraph 52 refers to the contents of a regulation, and Defendant respectfully refers the Court to that regulation for the complete and accurate content and context.  Defendant denies the allegations contained in paragraph 52 of the Complaint to the extent they deviate from the referenced regulation.

53.     Paragraph 53 refers to the contents of a regulation, and Defendant respectfully refers the Court to that regulation for the complete and accurate content and context.  Defendant denies the allegations contained in paragraph 53 of the Complaint to the extent they deviate from the referenced regulation.

54.     Paragraph 54 refers to the contents of a statute, and Defendant respectfully refers the Court to that statute for the complete and accurate content and context.  Defendant denies the allegations contained in paragraph 54 of the Complaint to the extent they deviate from the referenced statute.

55.     Paragraph 55 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 55.

56.     Paragraph 56 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 56.

57.    Paragraph 57 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendant denies all allegations set forth in paragraph 57.

## Prayer for Relief

58.    Defendant denies that Plaintiff is entitled to the relief sought in Paragraph A through J of her Prayer for Relief in the Complaint, or any other relief whatsoever.

59.    Defendant asks the Court to enter judgment in favor of Defendant, awarding costs and any other relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

Defendant sets forth below its affirmative defenses.  Each defense is asserted as to all causes of action against Defendant.  By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiff.  Moreover, nothing stated herein is intended to or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Plaintiff's allegations.  As separate and distinct affirmative defenses, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted because, among other reasons, Defendant had Plaintiff's and each putative class member's prior express invitation or permission and/or an established business relationship with Plaintiff and/or each putative class member.

## SECOND AFFIRMATIVE DEFENSE

Defendant had prior express consent, permission, or an invitation to place any phone calls or text messages at issue, including to Plaintiff and/or the putative class members. To the extent Plaintiff and each putative class member inquired about Defendant's products or services, or is or was a current or former customer of Defendant, their claims are barred.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's individual and class claims against Defendant must be dismissed because neither Plaintiff nor the absent class members have suffered an injury-in-fact, and therefore lack standing to assert or pursue the claims in the Complaint for the reasons set forth by the United States Supreme Court in *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021), and *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016).

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Defendant had established a relationship with the recipients of any phone calls or text messages at issue, including with Plaintiff and the putative class members, such relationship bars Plaintiff's and the putative classes' claims.

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Defendant were justified under the circumstances based on the information reasonably available to Defendant.

11

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff and the putative classes' claims are barred by the doctrine of *res judicata* and/or have been otherwise released through prior settlement agreements, waivers, arbitration, or other binding legal action or instruments, which preclude them from asserting the present claims.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the award of statutory penalties against Defendant would violate the Due Process clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver, estoppel, and/or release.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims under the TCPA are unconstitutional.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims against Defendant are barred, in whole or in part, by the TCPA's "Safe Harbor" provisions or other "Safe Harbor" defenses.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the absent class members are equitably estopped from asserting any claim for relief against Defendant because Defendant detrimentally relied upon Plaintiff's and the absent class members' conduct, representations, and/or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members are barred from pursuing claims alleged in the Complaint because Plaintiff and/or the putative class members have expressly or impliedly

12

consented to, ratified and approved all of the acts and omissions about which Plaintiff now complains.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members are not entitled to any relief because Defendant's conduct did not proximately cause any damages, injury, or loss to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or putative class members, by their conduct, representation, and omissions, have waived, relinquished, and/or abandoned any claim for relief against Defendant respecting the matters that are the subject of the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members' claims against Defendant are barred because the calls that are the subject of the Complaint constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Defendant for such text messages would violate its First Amendment rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members' claims are barred because Defendant did not engage in willful and/or knowing misconduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Granting Plaintiff's demand would result in unjust enrichment, as Plaintiff and the putative class members would receive more money than they are entitled to receive.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages sustained by Plaintiff and the putative class members are the result of conduct of a person or persons over whom Defendant exercised no control.

13

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members are not entitled to relief because Defendant did not make any alleged telephone solicitations to them on their residential telephone lines.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid any such error.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's claims for relief are barred by their failure to mitigate damages by requesting to no longer receive text phone calls and/or text messages from Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they did not personally register their residential telephone numbers on the National Do Not Call Registry.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they allege calls and/or text messages placed less than thirty days after Plaintiff and each putative class member registered their telephone number(s) on the National Do Not Call Registry.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reasonably relied on prior express invitation or permission provided by others who identified Plaintiff's or each putative class member's telephone numbers to Defendant, and/or inquiry-based established business relationship between the parties.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

A class action is inappropriate because individual issues predominate over common issues, Plaintiff is not typical of the Class she wishes to represent and Plaintiff cannot otherwise satisfy the elements of Federal Rule of Civil Procedure 23.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Claims on behalf of the putative class members are barred in whole or in part because members of the alleged class are subject to a valid and enforceable arbitration agreement that requires resolution of any dispute against Defendant be resolved on an individual basis.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

**WHEREFORE**, C/T Install America, LLC prays for judgment as follows:

1.    That Plaintiff takes nothing by reason of her Complaint;

2.    That judgment be entered against Plaintiff in favor of Defendant C/T Install America, LLC;

3.    That Defendant C/T Install America, LLC recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

15

4.      That the Court grant Defendant C/T Install America, LLC such other and further

relief as it deems just and proper.

Dated:  April 13, 2026

                                             KELLEY DRYE & WARREN LLP

                                             */s/ Steven W Schlesinger*
                                             Steven W Schlesinger
                                             James B. Saylor (*pro hac vice*)
                                             3 World Trade Center
                                             175 Greenwich Street
                                             New York, NY, 10007
                                             Tel.: (212) 808-7800
                                             Fax: (212) 808-7897
                                             sschlesinger@kelleydrye.com
                                             jsaylor@kelleydrye.com

                                             *Attorneys for Defendant C/T Install*
                                             *America, LLC*

16

**CERTIFICATE OF SERVICE**

I certify that on April 13, 2026, I filed this document on the Court's docket using the

Court's CM/ECF system.  Based on the Court's records, all counsel of record were served with a

copy of the foregoing document by electronic means.

KELLEY DRYE & WARREN LLP

*/s/ Steven W Schlesinger*
Steven W Schlesinger
3 World Trade Center
175 Greenwich Street
New York, NY, 10007
Tel.: (212) 808-7800
Fax: (212) 808-7897
sschlesinger@kelleydrye.com