**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------------x

VIRGINIA COLE *on behalf of herself and others*    :
*similarly situated,*    :

                               :   Case No. 5:25-cv-03531-CH

                Plaintiff,    :

                               :

                               :

C/T INSTALL AMERICA, LLC    :

                               :

                Defendant.    :

-----------------------------------------------------------------x.

## JOINT MOTION FOR ENTRY OF STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Defendant C/T Install America, LLC ("Defendant" or "Install America") and Plaintiff Virginia Cole ("Plaintiff") (collectively, the "Parties") respectfully file this Joint Motion for Entry of Stipulated Confidentiality Agreement and Protective Order in accordance with the Court's Practices and Procedures, and in support thereof aver as follows:

1. Counsel for the Parties have conferred and agreed to the proposed terms of an order governing the confidentiality of certain information that will be exchanged during discovery.

2. To that end, counsel have drafted a proposed Stipulated Confidentiality Agreement and Protective Order for the Court's review, attached hereto as Exhibit A.

3. The Parties submit that there is good cause for the entry of an order governing the confidentiality of certain documents, discovery, and materials that the Parties expect to be produced during discovery. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

4. In reviewing a request for a protective order, the Court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is

compelled. Fed. R. Civ. P. 26(c)." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (citations omitted).

5.  "Good cause" for a protective order means that disclosure will work a clearly defined and serious injury to the party making disclosure; the injury must be shown with specificity. Fed. R. Civ. P. 26(c). See Id.

6.  Here, the terms of the proposed Stipulated Confidentiality Agreement and Protective Order govern the exchange of information during discovery and are necessary to facilitate the efficient exchange of otherwise protected material without requiring disputes to be resolved regarding every document and/or topic of testimony sought by the opposing Party.

7.  Based on the nature of the asserted claims and defenses made by the Parties in the pleadings thus far, the Parties anticipate that at least some of the information exchanged in discovery would, if disclosed, reveal confidential business information, including but not limited to telephone records, lead generation data, customer and consumer contact information, marketing and advertising records, and other proprietary business information of the Parties and non-parties to this litigation.

8.  Disclosure of the above referenced information, other than as set forth in the proposed Stipulated Confidentiality Agreement and Protective Order, could cause significant harm to the Parties and non-parties because it would reveal information, intended to remain private, about the Parties' business operations and about non-party consumers and customers to the public, which would constitute an invasion of their privacy.

9.  Under the terms of the proposed Stipulated Confidentiality Agreement and Protective Order, the Court will be the ultimate arbiter regarding whether any documents or information designated by the Parties as "CONFIDENTIAL" should be sealed in any

filings made with the Court. Paragraph 5 of the proposed Stipulated Confidentiality Agreement and Protective Order describes the procedure a Party must follow to apply for an order sealing certain records.

10. Entry of the proposed Stipulated Confidentiality Agreement and Protective Order, therefore, will only facilitate the efficient exchange of information during discovery. It will not usurp the Court's role as decider of any disputes regarding confidentiality and/or whether documents should be filed under seal.

11. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

12. For these reasons, the Parties submit that they have demonstrated good cause for entry of the proposed Stipulated Confidentiality Agreement and Protective Order, attached hereto as Exhibit A.

Dated:  June 8, 2026

BOWER LAW ASSOCIATES, PLLC

*/s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

PARONICH LAW, P.C.

*/s/ Anthony I. Paronich*
Anthony I. Paronich (*pro hac vice*)
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel.: (508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff*

Respectfully submitted,

KELLEY DRYE & WARREN LLP

*/s/ Steven W Schlesinger*
Steven W Schlesinger
James B. Saylor (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY, 10007
Tel.: (212) 808-7800
Fax: (212) 808-7897
sschlesinger@kelleydrye.com
jsaylor@kelleydrye.com

*Attorneys for Defendant C/T Install America, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on June 8, 2026, I caused the foregoing Joint Motion for Entry of Stipulated Confidentiality Agreement and Protective Order to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Steven W Schlesinger*
Steven W Schlesinger
