# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

------------------------------------------------------------------x

VIRGINIA COLE *on behalf of herself and others* :
*similarly situated,*                          :

                                               :  Case No. 5:25-cv-03531-CH
                          Plaintiff,           :
                                               :
                                               :
C/T INSTALL AMERICA, LLC                       :
                                               :
                          Defendant.           :

------------------------------------------------------------------x.

**STIPULATED CONFIDENTIALITY AGREEMENT AND**
**PROTECTIVE ORDER**

Defendant C/T Install America, LLC ("Install America") and Plaintiff Virginia Cole

("Plaintiff") (collectively, the "Parties"), by their respective counsel, hereby request that the Court

enter a mutual protective order based upon the Parties agreeing to the following statement of good

cause consistent with the standard enunciated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772

(3d Cir. 1994):

A.  The Parties stipulate that the litigation in the above-captioned matter involves discovery of

(a) confidential business records, including telephone records, lead generation data,

customer and consumer contact information, *marketing* and advertising records, and other

proprietary business information of Defendant; (b) personal and private information

(including phone numbers and addresses) of individuals not a party to this litigation; (c)

personal and private information related to Plaintiff and putative class members, including

telephone numbers, addresses, and other personal identification information; and (d)

information that the producing Party otherwise believes in good faith to be entitled to

protection under Federal Rule of Civil Procedure 26(c)(1)(G).

B.  The Parties agree that they may designate as "CONFIDENTIAL" information described in Paragraph A, as the misuse or unnecessary dissemination of such information could cause a "clearly defined and serious injury" to the Parties and/or non-parties in this litigation. *See Pansy*, 23 F.3d at 786 (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)); *see also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122 & n.17 (3d Cir. 1986).

**WHEREFORE**, the Parties hereby stipulate and agree, and further request that the Court, for the above stated reasons, enter a mutual protective order, as follows:

1.  Plaintiff and Install America may designate as "CONFIDENTIAL" any document, testimony, information, or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 2, 3, and 4. Such designation shall subject the information produced or provided under said designation to the provisions of this Stipulated Confidentiality Agreement and Protective Order.

2.  Any writing produced by any Party or person in this litigation may be designated as "CONFIDENTIAL" by Plaintiff or Install America by stamping the words "CONFIDENTIAL" on the face of the writing. Alternatively, a Party may designate any writing as "CONFIDENTIAL" by identifying such document(s) by Bates number or otherwise and designating it/them as "CONFIDENTIAL" in a cover letter addressed to the opposing Party's counsel and accompanying the production of such document(s).

3.  Plaintiff or Install America may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of

2

such designation during the course of the deposition or at any time within thirty (30) days thereafter.

4. Plaintiff or Install America may designate as "CONFIDENTIAL" specific responses to information requests by labeling the specific response "CONFIDENTIAL."

5. Whenever any writing, testimony, information, or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, the Parties must seek leave to file a document under seal with the Court in a manner consistent with the Local Rules of the Eastern District of Pennsylvania.

6. Except upon prior written consent of the Party asserting "CONFIDENTIAL" treatment, or upon further order of a court of competent jurisdiction, documents, testimony, information, or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation.

7. Access to "CONFIDENTIAL" documents, testimony, information, or material shall be limited to:

(a) The Parties to this litigation;

(b) Counsel for the Parties (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

(c) Witnesses, during their depositions, who are advised at the commencement thereof that such documents, testimony, information, or material marked "CONFIDENTIAL" must remain confidential upon conclusion of their respective depositions;

3

(d)    Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained, or otherwise consulted by counsel or a Party for the purpose of analyzing data, conducting studies, or providing opinions to assist in such litigation;

(e)    Court reporters, videographers, and their staffs engaged for depositions in this litigation;

(f)    A mediator selected by mutual agreement of the Parties or assigned by the Court;

(g)    Officers, employees, or former employees of the respective Parties who have a reasonable need to review such documents, testimony, information, or material; and

(h)    The Court and its staff.

8.    "CONFIDENTIAL" documents, testimony, information, or material shall not be disclosed to the persons designated in paragraphs 7(d) or (e), unless and until such person has signed and returned to all counsel a written agreement that he/she/it agrees to be bound by the terms of this Stipulated Confidentiality Agreement and Protective Order.

9.    No Party shall, for himself or itself, or for any person or persons acting on his or its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

10.    Except as otherwise provided for in this Stipulated Confidentiality Agreement and Protective Order, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective Parties or the Parties themselves.

4

11.   If either Party objects to the designation of any document, testimony, information, or material as "CONFIDENTIAL," he or it may, after conferring with the Party designating the information as "CONFIDENTIAL," apply to the Court for a ruling that the document, testimony, information, or material shall not be so treated. The burden shall remain with the Party seeking confidentiality to justify such designation. Unless and until the Court enters an order to the contrary, the documents, testimony, information, or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Stipulated Confidentiality Agreement and Protective Order.

12.   Should any Party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information, or material at trial or a hearing in this matter, he or it shall meet with counsel for the opposing Party in an effort to agree upon a procedure to insure the appropriate confidential treatment of such document, testimony, information, or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

13.   Upon termination of this litigation, all copies of "CONFIDENTIAL" documents, testimony, information, or material (and all summaries thereof) shall, upon request, be returned to counsel for the producing Party(ies) or, upon request, be destroyed (subject to any ethics rules requiring maintenance of attorney files).

14.   This Stipulated Confidentiality Agreement and Protective Order may be modified or amended by agreement of the Parties or by further order of the Court for good cause shown.

15.    The Court reserves its inherent power to modify the terms of this Order and permit the disclosure of information in the interest of justice.

### FRE 502(d) AND (e) CLAWBACK AGREEMENT

16.    Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree to, and the Court orders, protection from disclosure of information subject to a legally recognized claim of protection, including, without limitation, the attorney-client privilege, the work-product doctrine, or other applicable protection ("Protected Information") against claims of waiver as follows:

(a)    The inadvertent disclosure or production by a Party of Protected Information by a producing Party to a receiving Party shall in no way constitute the voluntary disclosure of such information.

(b)    The disclosure of Protected Information in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such information as to the receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)    If, during the course of this litigation, a Party determines that any information produced by another Party is Protected Information:

   i.    The receiving Party shall: (A) refrain from reading the Protected Information any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the producing Party in writing that it has discovered Protected Information; (C) specifically identify the Protected Information by Bates number range or otherwise; and (D) within ten (10) days of discovery by the receiving

6

Party, return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts, or compilations of the content thereof.

ii.  If the producing Party intends to assert a claim of privilege or other protection over information identified by the receiving Party as Protected Information, the producing Party will, within ten (10) days of receiving the receiving Party's written notification described above, inform the receiving Party of such intention in writing and shall provide the receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Information does not contain privileged or protected information, the producing Party shall also provide to the receiving Party a redacted copy of the Protected Information that omits the information that the producing Party believes is subject to a claim of privilege or other protection.

(d)  If, during the course of this litigation, a Party determines it has produced Protected Information:

i.  The producing Party may notify the receiving Party of such production in writing and demand the return of such information. Such notice shall be in writing. The producing Party's written notice will identify the Protected Information produced by Bates number range or otherwise, the privilege or other protection claimed, and the basis for the assertion of the privilege or other protection and shall provide the receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal

7

Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the identified information does not contain Protected Information, the producing Party shall also provide to the receiving Party a redacted copy of the Protected Information that omits the information that the producing Party believes is subject to a claim of privilege or other protection.

ii. The receiving Party must, within ten (10) days of receiving the producing Party's written notification described above, return, sequester, or destroy the Protected Information and any copies, along with any notes, abstracts, or compilations of the content thereof.

(e) The receiving Party's return, sequestering, or destruction of Protected Information as provided herein will not act as a waiver of the receiving Party's right to move for the production of the returned, sequestered, or destroyed information on the grounds that the information is not, in fact, subject to a viable claim of privilege or protection. However, the receiving Party is prohibited from arguing that: (i) the disclosure or production of the Protected Information acts as a waiver of an applicable privilege or evidentiary protection; (ii) the disclosure of the Protected Information was not inadvertent; (iii) the producing Party did not take reasonable steps to prevent the disclosure of the Protected Information; and (iv) the producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(f) Either Party must seek leave to file a document under seal and/or in camera for a determination of the claim of privilege or other protection. The producing Party

shall preserve the Protected Information until such claim is resolved. The receiving Party may not use the Protected Information for any purpose absent an order from this Court.

(g)    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of information (including metadata where applicable), whether stored in electronic, paper, or other tangible form, for relevance and responsiveness, and for the segregation of privileged or otherwise protected information before such information is produced to another Party.

The Parties consent to use of electronic signatures on this document.

Dated: June 8, 2026

BOWER LAW ASSOCIATES, PLLC

*/s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

PARONICH LAW, P.C.

*/s/ Anthony I. Paronich*
Anthony I. Paronich (*pro hac vice*)
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel.: (508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff*

Respectfully submitted,

KELLEY DRYE & WARREN LLP

*/s/ Steven W Schlesinger*
Steven W Schlesinger
James B. Saylor (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY, 10007
Tel.: (212) 808-7800
Fax: (212) 808-7897
sschlesinger@kelleydrye.com
jsaylor@kelleydrye.com

*Attorneys for Defendant C/T Install
America, LLC*

SO ORDERED on _____, 2026:

_____
Catherine Henry, U.S.D.J.

9